IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER SCOTT ATKINSON,

                        Plaintiff,                                      ORDER

        v.
                                                                 15-cv-386-wmc
A.C. BROE, K. GARSTKA, A. WEBER,
T. ROBERTS and L.C. WARD,

                        Defendants.[1]

---

*Pro se* plaintiff Christopher Scott Atkinson is proceeding on claims that defendants, current or former employees of the Federal Bureau of Prisons employed at FCI Oxford, violated his rights under the First and Fifth Amendments to the U.S. Constitution. Specifically, he alleges that defendants removed funds from his prison trust account without his permission, and then they retaliated (or threatened retaliation) against him for complaining. Defendants' motion for summary judgment is pending, and the court anticipates ruling and issuing an opinion on that motion shortly. In the meantime, two separate motions require more immediate attention: defendant K. Garstka's motion for leave to file an amended answer (dkt. #40) and plaintiff's motion for issuance of a subpoena (dkt. #46). For the following reasons, both motions will be granted, although the latter only in part.

## I.     Leave to Amend

Defendant Garstka states in his motion to amend that after reviewing documents

---

[1] The case caption is updated to correct the spelling of the names of two of the defendants, previously misidentified as "J.C. Broe" and "K. Garska."

showing that he was not in fact working at the FCI Oxford prison facility during the week of July 24, 2014, he realized that his original answers to two paragraphs in the complaint were not accurate.  He has also concluded that sufficient information exists to deny the truth of the factual allegations in three other paragraphs.  Thus, Garstka seeks to correct his answers to those five paragraphs of plaintiff's complaint.  With his motion, Garstka also filed a supporting declaration and a copy of his proposed amended answer.  (Dkt. ##41, 42.)

Under Fed. R. Civ. P. 15(a)(2), "[t]the court should freely give leave [to amend a pleading] when justice so requires."  Moreover, the court has broad discretion to grant a proposed amendment, or to deny it for reasons of undue delay, bad faith, futility, or undue prejudice to the opposing party.  *See, e.g.*, *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001); *Larkin v. Galloway*, 266 F.3d 718, 721-22 (7th Cir. 2001).  None of the justifications listed above for denying defendant Garstka's motion to amend would appear to apply here.  In particular, there would appear to be no undue prejudice to plaintiff because:  (1) defendant Garstka is only seeking to correct factual matters, not add or change legal defenses; and (2) he made these facts known to plaintiff as part of defendants' summary judgment submissions.  Discovery remains open, and plaintiff has had (and still has) time and opportunity to address any new factual dispute.  Indeed, the second motion before the court seeks information relevant to Garstka's proposed amended answer.  Therefore, the interests of justice favor allowing defendant Garstka to amend his answer.

## II.      Issuance of Subpoena

In response to defendant Garstka's motion, plaintiff also now seeks issuance of a subpoena to the Bureau of Prisons commanding production of documents and information relating to defendant Garstka's work attendance at the FCI Oxford facility during four pay periods in 2014.   Defendants oppose plaintiff's motion (dkt. #48), arguing that plaintiff has no need for this information and that its production would be unduly burdensome, but the court is not persuaded by these arguments.   On the contrary, most of the information Atkinson now seeks relates *directly* to factual matters that the court is now allowing defendant Garstka to correct in his amended answer.

Therefore, plaintiff has a legitimate discovery interest in this information that overrides any asserted "annoyance and undue burden to Defendant Garstka's privacy that producing [it] would cause."  (Dkt. #48, at 6.)  Because plaintiff provides no reasons why the information sought in the third and fourth pay periods identified (covering parts of August, September, and November, 2014) would be relevant to issues in dispute in this lawsuit, however, the court will only issue a subpoena for information from the first two pay periods requested (covering parts of June, July, and August 2014).

ORDER

IT IS ORDERED that:

1) Defendant K. Garstka's motion for leave to file an amended answer (dkt. #40) is GRANTED.

2) Plaintiff Christopher Scott Atkinson's motion for issuance of subpoena (dkt. #46) is GRANTED IN PART AND DENIED IN PART as explained above.

3

3) The clerk of court is directed to issue a subpoena duces tecum promptly for service upon the Bureau of Prisons commanding production of documents and information within 14 days of service, relating to defendant Garstka's work attendance at the Federal Correctional Institution in Oxford, Wisconsin, during the following periods: June 15, 2014 through June 28, 2014; and July 27, 2014 through August 9, 2014, including as applicable "National Finance Center" "Time and Attendance Reports."

Entered this 13th day of January, 2017.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

4